UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY LATEE'S WYATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 13-3217 |
| ) | |
| JANET NAPOLITANO, ET AL., ) | |
| ) | |
| Defendants. ) | |

## OPINION

Plaintiff, Anthony Latee's Wyatt, proceeding pro se, seeks leave to proceed in forma pauperis. See d/e 2. Also before the Court is Plaintiff's Motion to Request Counsel. See d/e 3.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the

filing fee has been paid.  See 28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing a pro se plaintiff's complaint, the Court accepts the factual allegations as true, liberally construing those allegations in Plaintiff's favor.  Turley v. Rednour, --- F.3d ---, 2013 WL 3336713, at *2 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. United States, 2013 WL 3215667, at *2 (7th Cir. 2013) (quoted cite omitted).

In Plaintiff's Complaint, he states that the following occurred on September 21, 2011:

> When I was first arriving to live with my mother "Choicette Wyatt" in Springfield, Illinois at 2533 Poplar, Springfield, Illinois, some F.B.I. Agents tried to beat me up.  They kept arresting me and throwing me in Sangamon County Jail in Springfield, Il., telling the Sheriffs, I'm one of their "Bitches."  Then, when I was dating this woman "Evelene Phillips," some F.B.I. Agents broke into her house and beat her up and took her to Sangamon County Jail.  She was living at 600 S. Spring St., Springfield, Illinois at the time the F.B.I. Agents beat her up inside of her house.  I was there when it happened.  They told me to leave before I got arrested too.

See d/e 1 at 5.

Plaintiff's Complaint alleges that two or more F.B.I. agents used excessive force on Plaintiff and a woman that Plaintiff had dated, Evelene Phillips. However, Plaintiff does not name the individual F.B.I. agents as defendants. Instead, Plaintiff names as Defendants Secretary of Homeland Security Janet Napolitano, the 1920s Director of the Chicago Division of the Federal Bureau of Investigations James P. Rooney, Plaintiff's former girlfriend Evelene Phillips, Chicago landscaper LaMont Ervin-Bey, and Uptown People's Law Center Legal Director Alan Mills.

The Court construes Plaintiff's allegations as an action against individuals who violated Plaintiff's constitutional rights while acting under the color of federal law. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (recognizing an implied cause of action for damages to remedy a constitutional violation, in that case, an alleged Fourth Amendment violation by federal agents during a warrantless search and seizure). To state a claim for relief, Plaintiff must allege that an individual personally violated Plaintiff's constitutional rights while acting under the color of federal

law.  Id. at 389; see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior.").

With regard to the claims against Defendants Phillips, Ervin-Bey, and Mills, Plaintiff has not alleged that these Defendants are federal actors or were acting under color of federal law.  In fact, Plaintiff has not even alleged that Phillips, Ervin-Bey, or Mills violated Plaintiff's constitutional rights.  Consequently, the claims against Defendants Phillips, Ervin-Bey, and Mills are dismissed.

Furthermore, Plaintiff has named as Defendants the Secretary of Homeland Security, Janet Napolitano, and a 1920s Director of the Chicago Division of the Federal Bureau of Investigations, James P. Rooney.  But, in Plaintiff's Complaint, he alleges only that F.B.I. agents in Springfield, Illinois, not Defendants Napolitano or Rooney, violated Plaintiff's constitutional rights.  Because claims for a violation of constitutional rights by a person acting under the color federal law must be alleged against the individual(s) who personally violated the plaintiff's

constitutional rights, Plaintiff has also not stated claims for relief against Defendants Napolitano or Rooney.

Plaintiff also appears to allege a constitutional claim against the unnamed F.B.I. agents on behalf of the woman he dated, Defendant Phillips.  Plaintiff, however, does not have standing to bring a claim on behalf of Ms. Phillips.  See Massey v. Helman, 196 F.3d 727, 738-42 (7th Cir. 1999) (finding that former prison doctor had no standing to bring claims against federal officials on behalf of prisoners at FCI Pekin); see also Weakes v. FBI-MPD Safe Streets Task Force, 2006 WL 212141, at *2 (D.D.C. 2006) (reasoning that the plaintiff did not have standing to bring suit on behalf of his girlfriend and son against an F.B.I. agent because the plaintiff had not "demonstrated, among other things, an 'injury in fact,' one that has had a 'concrete' effect on the plaintiff 'in a personal and individual way.'") (quoted cites omitted).  Therefore, to the extent Plaintiff brings a claim on behalf of Ms. Phillips, such claim is dismissed.

Therefore, Plaintiff's Complaint is dismissed without prejudice and with leave to replead naming the individuals who engaged in the alleged

misconduct. The Court notes, however, that Plaintiff alleges that the misconduct occurred on September 21, 2011. Plaintiff should be aware that in Illinois, the statute of limitations is two years for a claim that alleges a violation of constitutional rights by an individual acting under the color of federal law. See Vance v. Rumsfeld, 701 F.3d 193, 211 (7th Cir. 2012) (explaining that federal courts in Illinois apply a two-year statute of limitations in such cases). Therefore, failure to name the correct defendants by September 21, 2013 may bar Plaintiff's claims under the statute of limitations.

## CONCLUSION

Plaintiff's Complaint is DISMISSED without prejudice and with leave to replead. By August 30, 2013, Plaintiff shall file an Amended Complaint that names the unidentified F.B.I. agents as Defendants and explains each agent's misconduct. The Amended Complaint will completely replace the Original Complaint. If Plaintiff does not file an Amended Complaint, Plaintiff's petition to proceed in forma pauperis will be denied, his Motion to Request Counsel will be deemed moot, and this case will be closed.

IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO SEND PLAINTIFF THE STANDARD COMPLAINT FORM.

ENTER: August 6, 2013

FOR THE COURT:                    <u>s/ Sue E. Myerscough</u>
                                  SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE