UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY LATEE'S WYATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   13-3217 |
| | ) |
| JANET NAPOLITANO, ET AL., | ) |
| | ) |
| Defendants. | ) |

OPINION

Plaintiff, Anthony Latee's Wyatt, proceeding pro se, has filed a Motion to Appeal Motion for a Temporary Restraining Order (d/e 11) and a Motion for Declaratory and Injunctive Relief.  See d/e 10.  Also pending are Plaintiff's Motion for Leave to Proceed In Forma Pauperis (d/e 2) and Plaintiff's Motion to Request Counsel.  See d/e 3.  Plaintiff's Motion for Declaratory and Injunctive Relief and Motion to Proceed In Forma Pauperis are DENIED because Plaintiff has not stated a federal claim for relief.  Plaintiff's Motion to Request Counsel is DENIED as MOOT.

I. **BACKGROUND**

On July 29, 2013, Plaintiff filed a Complaint stating that the following occurred on September 21, 2011:

> When I was first arriving to live with my mother "Choicette Wyatt" in Springfield, Illinois at 2533 Poplar, Springfield, Illinois, some F.B.I. Agents tried to beat me up. They kept arresting me and throwing me in Sangamon County Jail in Springfield, Il., telling the Sheriffs, I'm one of their "Bitches." Then, when I was dating this woman "Evelene Phillips," some F.B.I. Agents broke into her house and beat her up and took her to Sangamon County Jail. She was living at 600 S. Spring St., Springfield, Illinois at the time the F.B.I. Agents beat her up inside of her house. I was there when it happened. They told me to leave before I got arrested too.

See d/e 1 at 5.

Plaintiff's Complaint alleged that two or more F.B.I. agents used excessive force on Plaintiff and a woman that Plaintiff had dated, Evelene Phillips. However, Plaintiff did not name the individual F.B.I. agents as defendants. Instead, the named Defendants were Secretary of Homeland Security Janet Napolitano, the Director of the Chicago Division of the Federal Bureau of Investigations during the 1920s James P. Rooney, Plaintiff's former girlfriend Evelene Phillips, Chicago landscaper LaMont Ervin-Bey, and Uptown People's Law Center Legal Director Alan Mills.

The Court dismissed Plaintiff's Original Complaint without prejudice and with leave to replead by August 30, 2013.

Plaintiff also filed a Motion for Temporary Restraining Order on July 29, 2013 "requesting that a temporary restraining order be placed to prevent any misunderstandings while in court/litigation." See d/e 4. The Court denied that Motion because Plaintiff had not demonstrated he would suffer irreparable harm in the absence of such an order. See Order from August 2, 2013.

On August 30, 2013, Plaintiff filed a Motion for Declaratory and Injunctive Relief. The Motion appears to be an attempt by Plaintiff to state claims for relief against Sangamon County Sheriff's Office Director of the Records Division, Mr. Mike Walton, and Sangamon County Sheriff's Office Director of Court Security Officers, Lt. Jerry Durr.

Also on August 30, 2013, Plaintiff filed a Motion to Appeal the Court's denial of Plaintiff's Motion for Temporary Restraining Order. The Motion to Appeal will be construed as a Notice of Appeal. The Clerk shall ensure that the Seventh Circuit Court of Appeals receives notice of Plaintiff's intent to appeal this Court's decision on his Motion

for Temporary Restraining Order. As stated, Plaintiff's Motion for Leave to Proceed In Forma Pauperis (d/e 2) and Plaintiff's Motion to Request Counsel remain pending. See d/e 3.

## II.  ANALYSIS

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. See 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing a pro se plaintiff's complaint, the Court accepts the factual allegations as true, liberally construing those allegations in the plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713, at *2 (7th Cir. 2013). However, conclusory statements and labels are

insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." <u>Alexander v. United States</u>, 2013 WL 3215667, at *2 (7th Cir. 2013) (quoted cite omitted).

In the instant Motion for Declaratory and Injunctive Relief, Plaintiff requests that:

> Declaratory and Injunctive Relief be granted against Janet Napolitano et al., to prevent 2 of her co-defendants, "Mike Walton," and Lt. Jerry Durr, who works for the Sangamon County Sheriff Department from harassing me, my friends, and my family that lives down here in Springfield, Illinois. Springfield, Illinois county is "Sangamon County." Lt. Jerry Durr and Mike Walton keeps putting my name on a "No contact order, emergency order of protection, and sex-offender list," my name is listed in the National Criminal Police Database that "Law Enforcement" has access to. This is a violation of my 4th, 2nd, 1st, 8th, and 14th Amendment, as well as a violation of my Due Process Rights of the U.S. Constitution.

<u>See</u> d/e 10.

This newest request for relief, like Plaintiff's Original Complaint, lacks any factual allegations to state a plausible claim against Mr. Walton and Lt. Durr. Specifically, Plaintiff has alleged that Mr. Walton and Lt. Durr are harassing Plaintiff by placing his name on a "No contact order, emergency order of protection and sex-offender list . . . ." Plaintiff also

states that his name is "listed in the National Criminal Police Database that 'Law Enforcement' has access to." However, Plaintiff has not stated that Mr. Walton and Lt. Durr wrongfully placed Plaintiff's names on these lists. Nor has Plaintiff provided any other allegations that demonstrate how an individual, acting under the color of state or federal law, violated his constitutional rights. Without such allegations, Plaintiff has failed to allege federal claims against Mr. Walton, Lt. Durr, or any other state or federal actor.

This marks the second time that Plaintiff has failed to state a claim for a violation of his constitutional rights. Furthermore, Plaintiff has completely changed his claims that originally included allegations against two unnamed F.B.I. Agents. Plaintiff's conclusory and changing allegations lead the Court to conclude that any additional attempts to amend the Complaint would be futile. Therefore, Plaintiff's Motion for Declaratory and Injunctive Relief is denied, and Plaintiff will not be given leave to file another complaint. Plaintiff's Motion to Proceed In Forma Pauperis is also denied because Plaintiff has not stated a federal claim for relief. Plaintiff's Motion to Request Counsel is denied as moot.

### III.  CONCLUSION

Plaintiff's Motion for Declaratory and Injunctive Relief (d/e 10) and Motion to Proceed In Forma Pauperis (d/e 2) are DENIED because Plaintiff fails to state a federal claim for relief.  Plaintiff's Motion to Request Counsel (d/e 3) is DENIED as MOOT.  THIS CASE IS CLOSED.  If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed.R.App.P. 4(a)(4).  A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal.  See Fed.R.App.P. 24(a)(1)(c).

IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO DOCKET PLAINTIFF'S MOTION TO APPEAL THE DENIAL OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AS A NOTICE OF APPEAL AND TO HANDLE THE APPEAL PURSUANT TO THE STANDARD PROCEDURES.

ENTER: September 5, 2013

FOR THE COURT:                             s/ Sue E. Myerscough
                                           SUE E. MYERSCOUGH
                                           UNITED STATES DISTRICT JUDGE